IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JUNWOO CHON**, | Case No. 3:22-cv-01239-IM |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **DWAYNE HENDRIX**, | |
| Defendant. | |

**IMMERGUT, District Judge.**

Petitioner Junwoo Chon ("Petitioner"), an individual in custody at FCI Sheridan at the time of filing, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 ("Section 2241") challenging the Federal Bureau of Prisons' ("BOP") calculation of his earned time credits under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (the "FSA"). Because Petitioner failed to exhaust his administrative remedies, and because his claim is moot, the Petition for Writ of Habeas Corpus (ECF No. 1) must be denied.

///

PAGE 1 – OPINION AND ORDER

## BACKGROUND

On August 17, 2022, Petitioner filed a habeas corpus petition pursuant to Section 2241, alleging that the BOP erroneously calculated his release date by applying "an incorrect and limited number" of earned time credits under the FSA. (Pet. (ECF No. 1), at 6.) At the time of filing, Petitioner was serving a fourteen-month sentence for securities fraud. (Decl. of Benjamin Brieschke ("Brieschke Decl.") (ECF No. 11), Ex. B at 2.) Petitioner acknowledged in the petition that he did not exhaust his administrative remedies, but nevertheless asked the Court to order BOP to recalculate his earned time credits and release him on August 22, 2022, the release date to which he believed he was entitled. (Pet. at 3.)

On November 21, 2022, Petitioner was released from Sheridan and placed on Home Confinement. (Brieschke Decl. ¶ 8.) Soon thereafter, on December 30, 2022, Petitioner was released from BOP custody after BOP recalculated his sentence to include accrued time credits earned under the FSA. (*Id.*) Petitioner's sentence expired in March 2023. (*Id.*)

## DISCUSSION

Respondent urges the Court to deny habeas relief, arguing that the petition should be dismissed because Petitioner failed to exhaust his available administrative remedies prior to his release on December 30, 2022, and because Petitioner's release from BOP custody has rendered his claim moot. (Resp. to Pet. (ECF No. 10) at 2-5.) Petitioner did not file a supporting brief to refute these arguments.

"In order to seek habeas relief under section 2241 . . . a petitioner must first, 'as a prudential matter,' exhaust his or her available administrative remedies." *Singh v. Napolitano, 649 F.3d 899, 900 (9th Cir. 2011)* (per curiam). Exhaustion of administrative remedies prior to filing suit serves a prudential purpose, one that is particularly applicable to cases, such as this

PAGE 2 – OPINION AND ORDER

one, that involve a fact-intensive inquiry. *See Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983) (explaining that requiring a petitioner to exhaust available administrative remedies "aid[s] judicial review by allowing the appropriate development of a factual record in an expert forum; conserve[s] the court's time because of the possibility that the relief applied for may granted at the administrative level; and allow[s] the agency an opportunity to correct errors occurring in course of administrative proceedings"). Petitioner did not exhaust his available administrative remedies and has failed to provide a persuasive argument in favor of relaxing the exhaustion requirement in this case.[1]

More importantly, however, "Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988); *see also United States v. Strong*, 489 F.3d 1055, 1059 (9th Cir. 2007) (explaining that "[m]ootness is a jurisdictional issue" because "[t]he inexorable command of the Constitution confines [federal courts] to deciding only actual cases and controversies") (simplified). Generally, a case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (quoting *Cnty. of L.A. v. Davis*, 440 U.S. 625, 631 (1979)). "If an event

---

[1] The Court is not persuaded by Petitioner's argument, advanced in his response to the Court's order to show cause, that administrative remedies were "effectively unavailable to him . . . because the [administrative remedy] process takes longer than the Petitioner ha[d] left until he should be released." (ECF No. 6). As the Court previously noted, Petitioner's belief that he could not accomplish exhaustion prior to the release date to which he claimed to be entitled does not excuse him from the exhaustion requirement. *See Chua Han Mow v. U.S.*, 730 F.2d 1308, 1313-14 (9th Cir. 1984) (explaining that an action involving computation of a prisoner's sentence "is exactly the type of case in which exhaustion of administrative remedies should be required").

PAGE 3 – OPINION AND ORDER

occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed." *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997).

By way of relief, Petitioner seeks recalculation of his earned time credits and release from custody. The BOP already recalculated and applied Petitioner's FSA credits to facilitate his release from BOP custody on December 30, 2022. Petitioner thus has received the relief requested and there is no further relief the Court can provide. Accordingly, this case is moot and must be dismissed. *See Moreno v. Brewer*, No. 2:23-cv-0117-DB P, 2023 WL 3794814, at *2 (E.D. Cal. June 2, 2023) (finding as moot a habeas petition seeking application of earned time credits under the FSA and release from custody because there was "no further relief to be granted" after Petitioner's release).

## CONCLUSION

Based on the foregoing, the Court DENIES the Petition for Writ of Habeas Corpus (ECF No. 1) and DISMISSES this action, with prejudice.

**IT IS SO ORDERED.**

DATED this __21st__ day of June, 2023.

*Karin J. Immergut*
Karin J. Immergut
United States District Judge

PAGE 4 – OPINION AND ORDER